UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY L. CARROLL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-1945-RWS |
|  | ) |  |
| STANLEY PAYNE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Anthony L. Carroll's motions for appointment of counsel and for "liberal construction." Each motion will be denied for the reasons set forth below.

**I. Motion for Appointment of Counsel**

Citing the complexity of his case and his inability to afford counsel, Carroll has asked the Court to appoint an attorney to represent him. Because a habeas case is civil in nature, "the Sixth Amendment right to counsel afforded for criminal proceedings does not apply." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). A Court may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer

for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

After considering these factors, I find that the interests of justice do not require appointment of counsel at this stage of the litigation. Carroll's complaint demonstrates his ability to present his claims in this matter; Carroll and the Court would not substantially benefit from the appointment of counsel; resolving Carroll's claims does not appear to require additional investigation at this time; and the factual and legal issues presented by this action are not so complex as to warrant the appointment of counsel. As a result, I will deny Carroll's motion to appoint counsel without prejudice.

## II.  Motion for "Liberal Construction"

Carroll has also moved for liberal construction. In his motion, Carroll correctly cites Haines v. Kerner for the proposition that the Court holds pleadings by pro se litigants to "less stringent standards" than those drafted by lawyers. See 404 U.S. 519, 520 (1972). Under the Haines standard, Carroll is entitled to liberal construction whether or not he files a motion asking for it. As a result, I will deny the motion for liberal construction because it is unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Anthony L. Carroll's motion for appointment of counsel [14] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner Anthony L. Carroll's motion for liberal construction [24] is **DENIED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2020.